REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>    Debtor<br><br>JANINA M. ELDER, Trustee<br>    Plaintiff<br><br>v.<br><br>CHIUK TIN YAN<br>TINA FOON YU YAN<br><br>    Defendants | Case No. 04-33526 TCJE<br><br>Chapter 7<br><br><br><br><br>AP # |

**COMPLAINT FOR AVOIDANCE
AND RECOVERY OF FRAUDULENT TRANSFER**
(547 23rd San Francisco, CA)

COMES NOW, Plaintiff, Janina M. Elder, trustee of the above-referenced bankruptcy estate, and alleges as follows:

**JURISDICTION**

1. Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

**PRELIMINARY ALLEGATIONS**

3. Demas Wai Yan ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 19, 2004. The case was converted to Chapter 7 on September 15, 2006.

4. Plaintiff, Janina M. Elder ("Plaintiff"), is the duly appointed, authorized and acting trustee of the Debtors' bankruptcy estate.

5. Defendants Chiuk Tin Yan and Tina Foon Yu Yan are individuals residing in California and the parents of the Debtor.

6. On or about February 5, 2004 the Debtor transferred the Property to defendants for no consideration, and the Grant Deed evidencing the transfer was recorded on April 5, 2004.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Conveyance 11 U.S.C. § 548(a)(1)(A))**

7. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

8. The Transfer to Defendants was made with the actual intent to hinder, delay and defraud the Debtor's creditors, as evidenced by (1) the close relationship between the transferor and transferee; (2) the transfer was in anticipation of claims from creditors; (3) the transferor Debtor were insolvent at the time; (4) a substantial part of the Debtor's property was transferred; (5) the transfer so completely depleted the Debtor's assets that the creditors have been hindered or delayed in recovering any part of his/her claim; (6) the Debtor received no consideration for the transfer; and (7) the Debtor has stated in his schedules that the transfer was in name only.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Conveyance 11 U.S.C. § 548(a)(1)(B))**

9. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

10. The transfer of the Property was made without the Debtor receiving reasonably equivalent value in exchange for the transfer.

11. The transfer of the Property was made while the Debtor was insolvent; or the Debtor became insolvent as a result of the transfer; or the Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE, Plaintiff prays for judgment against Defendant as is hereinafter set forth .

### THIRD CLAIM FOR RELIEF
### (Recovery of Assets - 11 U.S.C. § 550)

12. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

13. Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 544, Plaintiff may recover, for the benefit of the estate, the property or the value of the property from the entity to whom the transfer was made.

WHEREFORE, Plaintiff prays for judgment as is hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (Objection to Claim - 11 U.S.C. Sec. 502(d))

14. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

15. In the event that Defendant has filed or shall file a proof of claim or proofs of claim herein, each and every claim of Defendant should be disallowed on the grounds that she has not surrendered the Transfer or the value of the Transfer, which Transfer is avoidable under one of the above-stated causes of action; but without limitation as to any and all other grounds of disallowance not known to Plaintiff at this time but that may be established according to proof.

WHEREFORE, Plaintiff prays for judgment as is hereinafter set forth.

### PRAYER

1. For judgment against the Defendants avoiding the transfer of Property to them as a fraudulent transfer;

2. For judgment against the Defendants for the value of the Property;

3. For judgment against the Defendants for disallowance of any and all of

Defendants' claims herein until and unless the Property transferred has been timely surrendered to the Plaintiff according to statute and rule;

    4. For costs of suit;

    5. For such other and further relief as the Court deems appropriate.

DATED: This 27th day of September, 2006.

STROMSHEIM & ASSOCIATES

/s/ Reidun Strømsheim
Attorneys for Plaintiff,
JANINA M. ELDER, Trustee

STROMSHEIM & ASSOCIATES